Ridgeway Township Board c/o Morris I. Mercer, Treasurer Rural Route 1 Carbondale, Kansas 66414
Dear Board Members:
You request our opinion regarding whether the Township's part time road grader operator is required to have a commercial driver's license (CDL). You state that while the grader has a gross weight of 33,000 pounds, it does not haul passengers or property and is not licensed or tagged by the State of Kansas. You believe that under these circumstances the grader is not a commercial motor vehicle as defined by federal law and therefore there is no requirement for obtaining a CDL to operate the grader. K.S.A. 8-2,132 provides that, with certain exceptions, no person may drive a commercial motor vehicle unless the person has a valid commercial driver's license. Commercial motor vehicle is defined as:
 "a motor vehicle designed or used to transport passengers or property, if:
 "(1) The vehicle has a gross vehicle weight rating of 26,001 or more pounds or such lesser rating, as determined by rules and regulations adopted by the secretary [of the Department of Revenue], but shall not be more restrictive than the federal regulation;
 "(2) the vehicle is designed to transport 16 or more passengers, including the driver; or
 "(3) the vehicle is transporting hazardous materials and is required to be placarded in accordance with 49 C.F.R. § 172, subpart F, effective January 1, 1991;" K.S.A. 1996 Supp. 8-2,128(f).
A motor vehicle is "every vehicle which is self-propelled, . . . but not operated upon rails, except vehicles moved solely by human power and motorized wheel chairs;" K.S.A. 1996 Supp. 8-2,128(r). These definitions track those found in the federal law regulating commercial motor vehicle operators.49 U.S.C.A. § 31301(4), (11). See also 49 C.F.R. § 383.5. While the terms in question have not been further defined by the State, the United States Department of Transportation, Federal Highway Administration (charged with administering the federal law regarding commercial motor vehicle operators, 49 U.S.C.A. § 31308) has issued interpretations describing the applicability of the federal motor carrier safety regulations to operators of construction equipment such as motor graders. Generally operators of off-road motorized construction equipment are not required to obtain a CDL even if the machinery is operated on a public highway for purposes of moving from one construction site to another. The basis for this conclusion is that such equipment is not designed to operate in traffic. However, when used for snow or leaf removal, the interpretations conclude that operators of such construction equipment are required to obtain a CDL because the equipment is being used on public roads and in furtherance of a transportation purpose, removal of snow or leaves from the road. The basis for the exception would no longer exist if the equipment is being used in traffic for transportation purposes. Regulatory Guidance Part 383 — Commercial Driver's License Standards: Requirements and Penalties, Section 383.3 — Applicability (Dec. 20, 1995). Further, the Federal Highway Administration has opined that State vehicle registration has no bearing on who is required to obtain a CDL (Regulatory Guidance, Section 383.3) and, with regard to the definitional requirement that a vehicle transport "passengers or property" to be considered a commercial motor vehicle, that "the construction equipment is itself the property being transported as it performs a service such as snowplowing." Regulatory Guidance, Section 383.5 — Definitions. These interpretations have not been rescinded or amended and thus appear to be the current view of the Federal Highway Administration. Thus, an operator of a road grader would be required to have a CDL if the grader is used on the public roads for transportation purposes. If the grader is used only for off-road construction purposes, no CDL would be required.
The federal regulations do contain an exception for drivers employed by local units of government operating a commercial motor vehicle within the boundaries of that unit of government for the purpose of removing snow or ice, but only if the State exempts such individuals from the CDL requirements and only in certain emergency situations. 49 C.F.R. § 383.1(d)(3). The State of Kansas has not chosen to exempt such drivers. See K.S.A. 8-2,127.
In conclusion, because the State is obligated to comply with the federal law regarding operators of commercial motor vehicles (49 U.S.C.A. § 31308 and K.S.A. 8-2,126) and the Kansas Director of Motor Vehicles follows the Federal Highway Administration's guidelines in interpreting and enforcing the state CDL law, it is our opinion that the operator of a road grader used on the public roadways for transportation related purposes is required to obtain a CDL.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm